### 635. SOUTHERN RAILWAY COMPANY *v.* BIVINGS.

The verdict is wholly without evidence to support it, and the judgment refusing a new trial is erroneous.

Appeal, from Whitfield superior court—Judge Fite. May 20, 1907.

Submitted November 12, 1907.—Decided February 11, 1908.

*Shumate, Maddox & McCamy, J. M. Rudolph,* for plaintiff in error.

*George G. Glenn, M. C. Tarver,* contra.

HILL, C. J. Bivings sued the railroad company for damages resulting from an injury to a horse while being loaded into a freight box-car of the company at its freight depot in Dalton.

The suit was tried on appeal in the superior court, and the jury found a verdict in favor of Bivings for $50. The defendant's motion for a new trial was overruled. The evidence for the plaintiff, substantially stated, is as follows: Carl Bivings, brother of the plaintiff, applied to the agent of the defendant for a car, to ship to Atlanta some household goods, a cow, and a horse. In compliance with his request, the railroad company had a box-car placed for him at the platform of the depot, and furnished him with a wooden skid to use in loading the car. The railroad company took no part in the loading of the car, but the entire loading was done by the brother of the plaintiff. There was no request to the agents of the company to assist in the loading. The horse refused to enter the car, and he was blindfolded and led in. After getting him in the car, and before shutting the door, the blindfold was removed. The horse became frightened at being in the car, backed out, and, in backing, either kicked or pushed the skid out of its place, and his hind leg went down between the edge of the platform and the car door, and was cut by an iron skid lying by the door. It is uncontroverted that the platform, the skid, and the car were all in good and safe condition, and suitable for the purpose for which they were used.

The injury to the horse was not caused by the moving of the cars or locomotives of the railroad company; and therefore there is no presumption of negligence against the company. Civil Code, §2321. Nor had the horse, at the time of the injury, been received into the custody of the carrier. Civil Code, §2264. It was incumbent upon the plaintiff to show that the company was negligent, and that this negligence caused or contributed to the injury of the horse. Civil Code, §5160. The evidence wholly fails to show any negligence on the part of the railroad company, but does clearly show that the injury to the horse was caused solely by the negligence of the agent of the plaintiff. The verdict is in direct contravention of §2322 of the Civil Code, which declares, "No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence."

<em>Judgment reversed.</em>